973 A.2d 381

IN THE MATTER OF ANDREW J. BREKUS,
AN ATTORNEY AT LAW.

July 2, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–184, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **ANDREW J. BREKUS** of **NEWTOWN SQUARE, PENNSYLVANIA,** who was admitted to the bar of this State in 1986, should be suspended from the practice of law for a period of one year based on discipline imposed in the Commonwealth of Pennsylvania that in New Jersey constitutes violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of the matter or to comply with reasonable requests for information), *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), *RPC* 1.5(b) (failure to provide client with a writing setting forth the basis or rate of the fee), *RPC* 1.15(a) (failure to safeguard client's property), *RPC* 1.16(a)(1) (failure to withdraw if the representation will result in violation of the Rules of Professional Conduct or other law), *RPC* 1.16(d) (failure to protect a client's interests upon termination of the representation), *RPC* 5.5(a) (unauthorized practice of law), *RPC* 7.1(a)(1) (making false or misleading communications about the lawyer's services), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And respondent having been ' ordered to show cause why he should not be disbarred or otherwise disciplined or why the Court should not take such other action as it deems appropriate;

And good cause appearing;

It is ORDERED that **ANDREW J. BREKUS** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective September 1, 2008; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.